IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BEVERLY J. NEWBY<br>and EARL R. NEWBY | § §<br>§ | PLAINTIFFS |
| v. | § § | CAUSE NO. 1:09CV92 LG-RHW |
| STATE FARM MUTUAL AUTO.<br>INS. CO.; STATE FARM FIRE & CAS.<br>CO.; JOHN & JANE DOES A-H | § §<br>§<br>§ | DEFENDANTS |

## ORDER DENYING MOTION TO REMAND

BEFORE THE COURT is the Motion to Remand [9] filed by the Plaintiffs and opposed by Defendants, State Farm Mutual Automobile Insurance Company and State Farm Fire & Casualty Company. The Newbys were unsatisfied with State Farm's resolution of their claim for property insurance benefits after Hurricane Katrina and filed suit in Jackson County Circuit Court. The Defendants timely removed the case. After consideration of the Motion to Remand and the relevant law, it is the Court's opinion that removal was proper, and the Motion to Remand should be denied.

DISCUSSION

The basis of State Farm's Notice of Removal is the Court's diversity jurisdiction. State Farm contends that the parties are completely diverse, and the amount in controversy exceeds $75,000 because Plaintiffs sue for "full insurance coverage," which State Farm alleges amounts to $71,213.73, and make claims for compensatory and punitive damages and attorneys fees. State Farm asserts that altogether, these claims total much more than $75,000.

Plaintiffs agree that the parties are diverse but dispute State Farm's monetary calculations. In their Complaint, they allege damages "in the amount of the full contract damages

[less the amount paid by the Defendants through the arbitration procedure] under the contract of homeowners insurance . . . ." Ct. R. 1-3 p. 59. They demand judgment "in the amount of contract damages due under the policy of insurance, and for extra-contractual damages in an amount sufficient to compensate PLAINTIFFS for the anxiety, worry, mental and emotional distress, lost time, personal expenses and other incidental and consequential damages . . . ." *Id.* at 61. They further "pray that punitive damages be assessed against the Defendants . . . in an amount sufficient to punish . . . and to deter like conduct in the future." *Id.* Plaintiffs assert that their claim for contract damages will be less than $71, 213.73, because it may be reduced by an arbitration award. They do not quantify this amount, presumably because arbitration has not yet taken place.

The party invoking federal jurisdiction bears the burden of establishing the amount in controversy by a preponderance of the evidence. *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (citing *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252 (5th Cir. 1998)). The jurisdictional facts supporting removal must be judged at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). "Unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

From the allegations and demands made in the Complaint, it is apparent that the amount in controversy in this case is more that $75,000. At the time of removal, Plaintiffs had $71,213.73 in unpaid coverage remaining, and their claims for compensatory and punitive damages in addition to this amount easily satisfy the jurisdictional amount in controversy requirement. *See Montgomery v. First Family Fin. Servs., Inc.*, 239 F. Supp. 2d 600, 605 (S.D.

Miss. 2002). State Farm has therefore established that the requirements to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332 have been met.

Furthermore, there is no merit to Plaintiffs' argument that State Farm has waived its right to removal because State Farm and the Mississippi Insurance Commissioner have agreed that State Farm will reevaluate claims for wind damage by policyholders with property in Harrison, Hancock and Jackson counties. The documents attached to Plaintiffs' motion to support this argument are simply public announcements of the agreement to reopen Katrina slab claims. *See* Ct. R. 9-2 through 9-5. They do not refer to litigation. State Farm has made a timely request for the enforcement of its right to a federal forum in this diversity action. The Motion to Remand should therefore be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiffs' Motion to Remand [9] is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Rule 16.1 (B)(2)(b) of the RULES OF THE UNITED STATES DISTRICT COURTS FOR THE NORTHERN DISTRICT OF MISSISSIPPI AND THE SOUTHERN DISTRICT OF MISSISSIPPI, the parties shall promptly notify the magistrate judge of this order and shall submit an order lifting the stay entered in this matter on March 26, 2009.

**SO ORDERED AND ADJUDGED** this the 14th day of May, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE